### Leroy Dale HOLSEY, Petitioner-Appellant,

v.

### William KNIPP, Warden, Respondent-Appellee.

### No. 15-17091

United States Court of Appeals, Ninth Circuit.

Argued and Submitted December 13, 2016 San Francisco, California

Filed December 28, 2016

Benjamin Patrick Ramos, Law Office of Benjamin P. Ramos, Folsom, CA, for Petitioner-Appellant

Kenneth Norman Sokoler, Esquire, Deputy Attorney General, AGCA-Office of the California Attorney General, Sacramento, CA, for Respondent-Appellee

Before: KOZINSKI, BYBEE and N.R. SMITH, Circuit Judges.

### MEMORANDUM *

We may grant federal habeas relief to a state prisoner if the state's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The Supreme Court has extended the Eighth Amendment's prohibition on cruel and unusual punishment to non-capital sentences that are "grossly disproportionate" to the crime. Ewing v. California, 538 U.S. 11, 23, 123 S.Ct. 1179, 155 L.Ed.2d 108 (2003). But successful proportionality challenges are "exceedingly rare," Rummel v. Estelle, 445 U.S. 263, 272, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980), and we cannot grant habeas relief if "fairminded jurists could disagree on the correctness" of the state court's decision, Harrington v. Richter, 562 U.S. 86, 88, 131 S.Ct. 770, 178 L.Ed.2d 624 (2011) (internal quotation marks and citation omitted).

Our circuit has given federal habeas relief to a previous California prisoner convicted of the same offense and sentenced to the same term that Holsey now challenges. See Gonzalez v. Duncan, 551 F.3d 875 (9th Cir. 2008). But the California Court of Appeal distinguished Holsey's case from Gonzalez based on Holsey's greater propensity to recidivate, as did the district court. Because fairminded jurists could conclude that Holsey's pattern of

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

recidivism rendered his sentence constitutional, federal habeas relief is unavailable.

**AFFIRMED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided